J-S17033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DERRELL DONERICK MATHEWS | |
| Appellant | No. 1311 WDA 2015 |

Appeal from the Judgment of Sentence August 4, 2015
in the Court of Common Pleas of Fayette County Criminal Division
at No(s):CP-26-CR-0000674-2015

BEFORE: GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JUNE 24, 2016**

Appellant, Derrell Donerick Mathews, appeals from the judgment of sentence to serve forty-two to eighty-four months' imprisonment after a jury found him guilty of, *inter alia*, aggravated assault-bodily injury with a deadly weapon.[1] Appellant claims (1) the evidence was insufficient to sustain the verdict because the Commonwealth failed to disprove his claim of self defense, (2) the trial court erred in amending the information to include the charge of aggravated assault-bodily injury with a deadly weapon, and (3) the trial court imposed an excessive sentence. We affirm the convictions, vacate the judgment of sentence, and remand for resentencing.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2702(a)(4).

The facts underlying Appellant's conviction are well-known to the parties. It suffices to note that in October of 2012, Appellant was an inmate in a state correctional institution and struck his cellmate on the head with a sock filled with stones. Appellant asserted that his cellmate, believing Appellant was a homosexual, verbally threatened to kill him and fifteen minutes before Appellant attacked him, brandished a toothbrush with a razor blade attached to it.

A criminal complaint against Appellant was filed on November 13, 2014, more than two years after the incident. On June 9, 2015, the Commonwealth filed an information charging Appellant with aggravated assault-serious bodily injury,[2] assault by a prisoner,[3] simple assault,[4] and harassment.[5]

---

[2] 18 Pa.C.S. § 2702(a)(1).

[3] 18 Pa.C.S. § 2703. The information alleged that Appellant:

> [w]hile confined in . . . [a] state correctional institution . . . intentionally or knowingly committed an assault upon another with a deadly weapon or instrument or by means of force likely to produce serious bodily injury.

Count 2, Information, 6/9/14. As discussed below this charge was dismissed and the charge of aggravated assault-bodily injury with a deadly weapon was added to the information.

[4] 18 Pa.C.S. § 2701(a).

[5] 18 Pa.C.S. § 2709(a)(1). The Commonwealth withdrew the charge of harassment immediately before trial.

Appellant proceeded to a jury trial on August 4, 2015. After jury selection, Appellant moved to dismiss the charges of assault by a prisoner and simple assault based on the statute of limitations.[6] N.T. Trial, 8/3-8/4/15, at 11. The trial court dismissed the assault by a prisoner charge, but denied Appellant's motion to dismiss the simple assault charge. *Id.* at 16. The Commonwealth then moved to amend the information to include the charge of aggravated assault-bodily injury with a deadly weapon,[7] which the court granted over Appellant's objection. *Id.* at 17-18.

On August 4, 2015, the jury found Appellant guilty of aggravated assault-bodily injury with a deadly weapon and simple assault, but acquitted him of aggravated assault-serious bodily injury. That same day, the trial court sentenced Appellant to forty-two to eighty-four months' imprisonment. This timely appeal followed.[8]

Appellant presents the following questions for review.

> Did the Commonwealth fail to present sufficient evidence to disprove beyond a reasonable doubt that Appellant acted in self defense?

> Did the trial court err in granting the Commonwealth's motion to amend the criminal information to add the

---

[6] *See* 42 Pa.C.S. § 5552(a)-(b).

[7] We note assault by a prisoner and assault-bodily injury with a deadly weapon are both graded as felonies of the second degree. *See* 18 Pa.C.S. §§ 2702(b), 2703.

[8] Appellant complied with the trial court's order to submit a Pa.R.A.P. 1925(b) statement.

charge of aggravated assault, 18 Pa.C.S.A. § 2702(a)(4) following jury selection and minutes before the trial began?

Did the sentencing court impose a harsh, severe, and manifestly unreasonable and excessive sentence in light of the circumstances surrounding the alleged incident?

Appellant's Brief at 7.

Appellant first challenges the sufficiency of the evidence, contending that the Commonwealth failed to rebut his assertion of self-defense. He argues that he was reasonably in fear of death or serious bodily injury because his cellmate threatened to kill him and brandished a weapon. *Id.* at 12-13. He emphasizes that his belief in the danger was reasonable because he was aware that his cellmate was convicted of murder. *Id.* at 13. Additionally, Appellant asserts that he did not provoke his cellmate's threatening behavior, did not continue the difficulty with his cellmate, and was under no duty to retreat because the incident occurred in their shared cell. *Id.* at 13-14. No relief is due.

The principles governing our review are well settled.

According to our Supreme Court, the justified use of deadly force requires:

a) the actor was free from fault in provoking or continuing the difficulty which resulted in the use of deadly force; b) the actor must have reasonably believed that he was in imminent danger of death or serious bodily injury, and that there was a necessity to use such force in order to save himself or others therefrom; and c) the actor did not violate any duty to retreat or to avoid the danger.

\*     \*     \*

- 4 -

If the defendant properly raises "self-defense under Section 505 of the Pennsylvania Crimes Code, [18 Pa.C.S. § 505,] the burden is on the Commonwealth to prove beyond a reasonable doubt that the defendant's act was not justifiable self-defense."

> The Commonwealth sustains this burden if it establishes at least one of the following: 1) the accused did not reasonably believe that he was in danger of death or serious bodily injury; or 2) the accused provoked or continued the use of force; or 3) the accused had a duty to retreat and the retreat was possible with complete safety.

The Commonwealth must establish only one of these three elements beyond a reasonable doubt to insulate its case from a self-defense challenge to the evidence. **The Commonwealth can negate a self-defense claim if it proves the defendant did not reasonably believe he was in imminent danger of death or great bodily injury and it was necessary to use deadly force to save himself from that danger.**

\*  \*  \*

When the defendant's own testimony is the only evidence of self-defense, the Commonwealth must still disprove the asserted justification and cannot simply rely on the jury's disbelief of the defendant's testimony:

> The "disbelief of a denial does not, taken alone, afford affirmative proof that the denied fact existed so as to satisfy a proponent's burden of proving that fact." The trial court's statement that it did not believe [a defendant's] testimony is no substitute for the proof the Commonwealth was required to provide to disprove the self-defense claim.

If there are other witnesses, however, who provide accounts of the material facts, it is up to the fact finder to "reject or accept all, part or none of the testimony of any witness." The complainant can serve as a witness to the incident to refute a self-defense claim. "Although the

- 5 -

> Commonwealth is required to disprove a claim of self-defense arising from any source beyond a reasonable doubt, a [fact-finder] is not required to believe the testimony of the defendant who raises the claim."

> \* \* \*

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. . . . Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Smith*, 97 A.3d 782, 787-88, 790 (Pa. Super. 2014) (citations omitted) (emphasis added).

Instantly, Appellant focuses on the evidence in support of his claim of self-defense. However, our review reveals that Appellant's cellmate denied threatening Appellant. *See* N.T. Trial at 32, 41. Moreover, although Appellant asserted that his cellmate threatened him with an improvised weapon, the Commonwealth adduced testimony that no contraband, other than the rock-filled sock, was found after the incident. *See id.* at 56.

Lastly, it was undisputed that Appellant attacked his cellmate as his cellmate was returning to the cell from the shower. Thus, the Commonwealth presented a sufficient factual basis to negate one element of Appellant's claim of self-defense, namely, that he reasonably believed the alleged threat of death or serious bodily injury was imminent. ***See Smith***, 97 A.3d at 787-88, 790. Accordingly, Appellant's sufficiency of the evidence challenge warrants no relief.

Appellant next contends the trial court erred in adding the charge of aggravated assault-bodily injury with a deadly weapon after jury selection. Appellant argues the amendment did not correct a defect in form, but "added an additional" charge that required proof of a new element, *i.e.*, the use of a deadly weapon. Appellant's Brief at 17. He asserts he suffered undue prejudice due to "the last minute amendment by the Commonwealth" after jury selection. ***Id.*** We are constrained to disagree.

The amendment of an information is governed by Pa.R.Crim.P. 564, which states:

> The court may allow an information to be amended when there is a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment, the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

Pa.R.Crim.P. 564. "[T]he purpose of Rule 564 is to ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last

minute addition of alleged criminal acts of which the defendant is uninformed." ***Commonwealth v. Mentzer***, 18 A.3d 1200, 1202 (Pa. Super. 2011).

> [W]hen presented with a question concerning the propriety of an amendment, we consider:
>
>> [w]hether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amended is not permitted.
>
> Additionally,
>
>> [i]n reviewing a grant to amend an information, the Court will look to whether the [defendant] was fully apprised of the factual scenario which supports the charges against him. Where the crimes specified in the original information involved the same basis elements and arose out of the same factual situation as the crime added by the amendment, the appellant is deemed to have been placed on notice regarding his alleged criminal conduct and no prejudice to defendant results.
>
> Further, the factors which the trial court must consider in determining whether an amendment is prejudicial are:
>
>> (1) whether the amendment changes the factual scenario supporting the charges; (2) whether the amendment adds new facts previously unknown to the defendant; (3) whether the entire factual scenario was developed during a preliminary

> hearing; (4) whether the description of the charges changed with the amendment; (5) whether a change in defense strategy was necessitated by the amendment; and (6) whether the timing of the Commonwealth's request for amendment allowed for ample notice and preparation.
>
> Most importantly, we emphasize that "the mere possibility amendment of information may result in a more severe penalty . . . is not, of itself, prejudice."

*Id.* at 1202-03 (citations omitted).

Instantly, we agree with the trial court that Appellant was apprised of the basic factual scenario underlying the charges, namely, that he struck his cellmate with a sock full of rocks. Moreover, Appellant was on notice that the Commonwealth was prepared to assert that the sock constituted "a deadly weapon" based on the allegation that he engaged in "an assault upon another with a deadly weapon or instrument or by means of force likely to produce serious bodily injury." *See* Count 2, Information; *see also* 18 Pa.C.S. § 2703; 18 Pa.C.S. § 2301 (defining "deadly weapon" as "any other device or instrumentality which, in the manner in which it is used or intended to be used, is calculated or likely to produce death or serious bodily injury").

Further, Appellant's undeveloped claim of prejudice does not warrant relief. The facts of the instant case were relatively straightforward, as was Appellant's claim of justification. There is no indication that the amendment necessitated a change in trial strategy or required additional preparation to present a defense. We acknowledge that the practical effect of the

amendment was to avoid the dismissal of a second-degree felony charge based on the statute of limitations. However, the record does not establish Appellant lacked notice of the facts that gave rise to a charge of aggravated assault-bodily injury with a deadly weapon or the Commonwealth's intent to show that Appellant used a deadly weapon. Thus, finding no prejudice attendant to the amendment of the information, we conclude no relief is due. *See Mentzer*, 18 A.3d at 1202-03

Appellant, in his final claim, asserts that the trial court's sentence was excessive. In his Pa.R.A.P. 2119(f) statement, Appellant notes the forty-two-to-eighty-four-month sentence fell at the top of the aggravated range of the Sentencing Guidelines and was ordered to run consecutively with a previously imposed sentence. Appellant's Brief at 18. He asserts the sentence was "inconsistent with his rehabilitative needs." *Id.* According to Appellant, the trial court also did not order a presentence investigation report ("PSI") and therefore "did not have an opportunity to adequately evaluate the character of Appellant or his rehabilitative needs." *Id.* Following our review, we conclude that a remand for resentencing is required.

It is well settled that

> [c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.
>
> Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citations omitted).

Instantly, Appellant filed a timely post-sentence motion asserting the sentence was excessive in light of his rehabilitative needs. He timely appealed and included in his brief a Pa.R.A.P. 2119(f) statement. Therefore, we proceed to consider whether his claim that the sentence was excessive raises a substantial question. *See id.*

Generally, an assertion that a trial court sentenced without appropriate consideration of a defendant's rehabilitative needs do not warrant review. *See id.* at 936. However, Appellant's allegations that the court also sentenced him in the aggravated range, misstated the Sentencing Guidelines

ranges at the sentencing hearing, and did not have the benefit of a presentence investigation report ("PSI"), do raise substantial questions. *See Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007) (noting "claim that the sentencing court misapplied the Sentencing Guidelines presents a substantial question"); *Commonwealth v. Felmlee*, 828 A.2d 1105, 1107 (Pa. Super. 2003) (*en banc*) (finding "claim that the court erred by imposing an aggravated range sentence without consideration of mitigating circumstances raises a substantial question"); *see generally Commonwealth v. Simpson*, 829 A.2d 334, 338-39 (Pa. Super. 2003) (discussing factors for sentencing in the aggravated range of the Sentencing Guidelines).

We are mindful that Appellant did not object, either at the sentencing hearing or in his post-sentence motion, to the court's misstatement of the Sentencing Guidelines or its failure to order a PSI. Nevertheless, Appellant consistently maintained that the trial court failed to consider his rehabilitative needs, and the trial court concedes it "misspoke" when setting forth the standard range of the Sentencing Guidelines at the sentencing hearing. *See* Trial Ct. Op., 10/26/15, at 11 n.6. Under these circumstances, we conclude that Appellant's excessive sentence claim warrants review. *See Cook*, 941 A.2d at 11; *Simpson*, 829 A.2d at 338-39; *Felmlee*, 828 A.2d at 1107.

When reviewing a sentence, we apply the following principles.

- 12 -

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

In reviewing a sentence on appeal, the appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases[,] the appellate court shall affirm the sentence imposed by the sentencing court.

"When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." Where the sentencing court had the benefit of a [PSI], we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.

***Griffin***, 65 A.3d at 937 (citations omitted).

Instantly, at the request of Appellant's counsel, the trial court proceeded to sentencing the same day trial concluded, and the sentencing hearing commenced twenty minutes after the verdict was entered. ***See*** N.T. Trial, 8/4/15, at 123; N.T. Sentencing, 8/4/15, at 2 (unpaginated). The trial court indicated that a member of the county Adult Probation Office was present and that it reviewed Appellant's prior record. N.T. Sentencing at 1. It noted Appellant had sixteen prior convictions and that his most recent conviction involved thirty-three total counts, most of which had been withdrawn. ***Id.*** It calculated Appellant's prior record score as five. ***Id.*** Although the applicable standard range minimum sentence was from twenty-seven to thirty months, plus twelve months for aggravating factors, the court stated the standard range minimum sentence was from forty to fifty-two months. ***Id.*** After Appellant addressed the court, the court sentenced him to forty-two to eighty-four months consecutive to the sentence he was previously serving. ***Id.*** at 3. That sentence fell within the low end of the standard range recited at the sentencing hearing.

The trial court explained its sentence as follows:

> [W]e have taken into consideration the nature of this offense, the seriousness of aggravated assault, a felony of the second degree, which is punishable by a term of imprisonment of up to ten years. We have considered the numbers to which you have been found guilty. We've considered your prior record, taken into consideration your rehabilitative needs and the gravity of this offense. We feel that a lesser sentence would depreciate from the

- 14 -

seriousness of this crime and that you are in need of correctional treatment that can be provided most effectively to your commitment to an institution.

*Id.* at 3-4.

Notably, the court did not state its intent to sentence within the aggravated range. Further, we discern no support in the record to find that the misstatement of the Sentencing Guidelines was otherwise harmless. Therefore, the record does not support a conclusion that the trial court properly applied the Sentencing Guidelines. Accordingly, the sentence is subject to vacation. **See** 42 Pa.C.S. § 9781(c)(1); **Cook**, 941 A.2d at 11; **Simpson**, 829 A.2d at 339; **Felmlee**, 828 A.2d at 1107.

In sum, we affirm the convictions, vacate the judgment of sentence, and remand for resentencing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/24/2016

- 15 -