J-A16043-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL EUGENE BUTERBAUGH, | : | |
| | : | |
| Appellant | : | No. 1353 WDA 2015 |

Appeal from the Judgment of Sentence May 1, 2015,
in the Court of Common Pleas of Crawford County,
Criminal Division, at No(s): CP-20-CR-0000561-2014

BEFORE:     SHOGAN, OLSON, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STRASSBURGER, J.:     **FILED AUGUST 25, 2016**

Michael Eugene Buterbaugh (Appellant) appeals from the judgment of

sentence imposed following his convictions for driving under the influence

(DUI) – high rate of alcohol and the summary offense of driving on roadways

laned for traffic.  Upon review, we affirm.

The trial court summarized the background underlying this matter as

follows.

> [Appellant] was charged with the following three violations
> of the Vehicle Code for an accident occurring on May 1, 2014:
> Count I, [DUI – general impairment]; Count II, DUI – high rate
> of alcohol[;] and Count III, driving on roadways laned for
> traffic[.]   The criminal complaint indicated that this was
> [Appellant's] "second [DUI] offense," and Counts I and II were
> accordingly listed as ungraded misdemeanors on the criminal
> information.  [Appellant] pleaded guilty to Count II on October

---

[*] Retired Senior Judge assigned to the Superior Court.

27, 2014, and a *nolle prosequi* was entered on the remaining charges.

Prior to sentencing, the court ordered evaluation and/or assessment by the Adult Probation Department, which discovered [an additional prior] DUI conviction in the State of Idaho. Consequently, the court granted, on the submission of briefs, the Commonwealth's oral motion to amend Count II to implicate the Vehicle Code's mandatory sentencing provisions for a third offense. [A DUI – high rate of alcohol, third offense, is graded as a first degree misdemeanor.] This amendment changed the mandatory minimum term of incarceration from thirty to ninety days, and also extended the maximum term from six months to up to five years. In addition, the fine thereby increased from a range of $750 to $5,000, to between $1,500 and $10,000. [Appellant's] subsequent motion to withdraw his guilty plea, alleging in part his innocence, was granted following a hearing on February 25, 2015.

Count II was thereafter modified, in conformity with [a] memorandum and order dated October 17, 2014,[1] to incorporate the terms of [75 Pa.C.S. § 3802(g)]'s "Exception to two-hour rule." Under this exception, the element of Count II – that [Appellant's] BAC was at least 0.10% but less than 0.16% within two hours of having driven – could be proven by showing (1) good cause for not obtaining the blood sample within two hours, and (2) that [Appellant] did not imbibe any alcohol after he was arrested and before his blood was drawn for testing.

[Appellant] was convicted on Count II after a two-day jury trial. The court then entered a guilty verdict on Count III (the summary offense) and, upon the Commonwealth's oral motion, a *nolle prosequi* as to Count I (DUI – general impairment) on

---

[1] This memorandum was written to accompany an order denying Appellant's July 28, 2014 omnibus pre-trial motion to suppress Appellant's BAC results and "motion to dismiss" due to insufficient evidence, which the court treated as a request for *habeas corpus* relief. The suppression motion was denied after a hearing held on October 3, 2014. Subsequent to withdrawing his plea, Appellant filed, *inter alia*, another motion to suppress his BAC results on March 13, 2015, which the trial court denied by order filed March 17, 2015.

which the jury had been unable to reach a verdict. He was sentenced May 1, 2015 on Count II to *inter alia* four to sixty months of imprisonment in the county correctional facility, with work release privileges, and the minimum fine of $1,500.

Trial Court Opinion, 7/31/15, at 1-3 (unnecessary capitalization, footnotes, and citations omitted). Appellant filed post-sentence motions on May 11, 2015, which the trial court denied on July 31, 2015. This appeal followed.

On appeal, Appellant presents the following issues for our consideration.

I. Whether the trial court committed error by admitting [Appellant's BAC] where it was shown that the blood draw for chemical testing was performed outside the two-hour statutory period without good cause?

II. Whether the trial court erred in permitting the Commonwealth to amend the criminal information charging [Appellant] changing the [DUI] charges to a third offense after [Appellant] plead [*sic*] guilty to [DUI] second offense?

III. Whether the trial court erred by rereading of instructions to the jury with particular emphasis to focus on the consideration of [Appellant's] testimony, while refusing to give similar instruction to testimony of Pennsylvania State Trooper acting as witness for the Commonwealth, constituting improper influence on the jury and depriving [Appellant] of a fair trial?

Appellant's Brief at 4 (unnecessary capitalization and suggested answers omitted).

In his first issue, Appellant argues that the trial court should have suppressed his BAC results because "it violated the [s]tatutory two hour time period." Appellant's Brief at 11.

> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted....Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where ... the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.
>
> Moreover, our scope of review from a suppression ruling is limited to the evidentiary record that was created at the suppression hearing.

***Commonwealth v. Haslam***, ____ A.3d ____, 2016 WL 2641464 at *4-5 (Pa. Super. May 9, 2016) (citations omitted).

The offense of DUI – high rate of alcohol is defined as follows.

> **(b) High rate of alcohol.--**An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.10% but less than 0.16% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(b).

Appellant dedicates much of his argument to the requirements of subsection 3802(b) and the failure of the Commonwealth to "establish the time when [Appellant] was driving or in actual physical control of his vehicle [and] the alcohol concentration of [his] blood within two hours after driving or being in actual physical control of [his] vehicle." Appellant's Brief at 11. Subsection 3802(b)'s two-hour limitation, however, is subject to the "good cause" exception listed in subsection 3802(g):

> **(g) Exception to two-hour rule.--**Notwithstanding the provisions of subsection … (b) … where alcohol or controlled substance concentration in an individual's blood or breath is an element of the offense, evidence of such alcohol or controlled substance concentration more than two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle is sufficient to establish that element of the offense under the following circumstances:
>
> > (1) where the Commonwealth shows good cause explaining why the chemical test sample could not be obtained within two hours; and
> >
> > (2) where the Commonwealth establishes that the individual did not imbibe any alcohol or utilize a controlled substance between the time the individual was arrested and the time the sample was obtained.

*Id.* at § 3802(g).

As pointed out by the Commonwealth, Appellant's only argument with respect to the above exception is a bald assertion that "[t]he Commonwealth failed to establish good cause for the delay beyond the two-hour time requirement and therefore the evidence of [Appellant's] BAC must be

- 5 -

suppressed." Appellant's Brief at 12. Notwithstanding Appellant's underdeveloped claim, Appellant nevertheless included in his Pa.R.A.P. 1925(b) statement, and the trial court addressed, a challenge to the trial court's decision on the basis that Appellant "testified to consuming alcohol after driving his vehicle." Rule 1925(b) Statement, 9/22/15.

Appellant's argument is misplaced, as the good cause exception requires the Commonwealth to establish that "the individual did not imbibe any alcohol or utilize a controlled substance between the time the individual was **arrested** and the time the sample was obtained." 75 Pa.C.S. § 3802(g)(2); *see also Commonwealth v. Eichler*, 133 A.3d 775, 786-87 (Pa. Super. 2016) ("The Commonwealth fulfilled section 3802(g)'s no-imbibing element by presenting the testimony of three officers during trial that Eichler did not drink alcohol between the time of his arrest and the time of his blood test."). Moreover, our Supreme Court has rejected the argument that the Commonwealth has the burden to establish that a defendant did not consume alcohol between the time he last drove and the time of the arrest. *See Commonwealth v. Segida*, 985 A.2d 871, 879 n.6 (Pa. 2009) (concluding that, under 75 Pa.C.S. § 3802(a)(1) (DUI – general impairment), the Commonwealth is not required to "prove that an accused did not drink any alcohol after the accident. There is no basis in the statute for insertion of this element.") (citation omitted).

Even assuming *arguendo* that the Commonwealth had such a burden under the good cause exception, Appellant's argument fails because the Commonwealth presented testimony from Trooper Erik Cox (Trooper Cox) of the Pennsylvania State Police at the suppression hearing that Appellant admitted he did not drink alcohol after the accident:

> [Commonwealth]: And did he -- did he tell you what time the accident occurred?
>
> [Trooper Cox]: I believe he said it was 10:30.
>
> ***
>
> [Commonwealth]: And did you inquire of [Appellant] whether or not he had anything to drink after the accident?
>
> [Trooper Cox]: Yes, he advised he did not.
>
> [Commonwealth]: And did you ask him when was the last time he had anything of an alcoholic nature to drink?
>
> [Trooper Cox]: He advised me he drank approximately 7 p.m.
>
> [Commonwealth]: And was that the last time he had anything to drink?
>
> [Trooper Cox]: According to him.

N.T., 10/3/2014, at 6-7; *see also id.* at 13-14 (Trooper Cox confirming that Appellant stated the accident occurred at 10:30 p.m. and he had stopped drinking at about 7 p.m.). Viewing this evidence in the light most favorable to the Commonwealth, Appellant's argument is without merit, and no relief is due.

In his second issue, Appellant argues that the trial court erred in permitting the Commonwealth to amend the criminal information to charge Appellant with DUI – high rate of alcohol as a third offense after Appellant had pled guilty to the charge as a second offense. We disagree and, in so doing, find **Commonwealth v. Mentzer**, 18 A.3d 1200 (Pa. Super. 2011), to be controlling.

Therein, Mentzer was charged and convicted following a jury trial with DUI - general impairment as a first offense, ungraded misdemeanor. **Id.** at 1201. Prior to sentencing, the Commonwealth was notified by the probation department that, upon investigation, it was revealed that Mentzer had a prior DUI offense in the State of Maryland in 2006. **Id.** Based on this information, the Commonwealth moved to amend the criminal information at the time of sentencing to include the same charge, which was "then classified as a second offense, graded as a misdemeanor of the first degree, which carried with it a maximum penalty of 60 months' imprisonment and a $10,000 fine." **Id.** At sentencing, the trial court granted the Commonwealth's motion to amend and imposed a sentence of four to 60 months of incarceration. **Id.** at 1202.

In rejecting Mentzer's argument on appeal that "adding a prior conviction to the criminal information was a substantive change increasing both the grading and the maximum sentence of the offense charged, and

was therefore a different offense which is not permitted under Pa.R.Crim.P. 564," this Court observed as follows.

> According to Pa.R.Crim.P. 564, the court may permit amendment of an information "when there is a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense." Pa.R.Crim.P. 564. Moreover, "[u]pon amendment, the court may grant such post-ponement of trial or other relief as is necessary in the interests of justice." *Id.* [T]he purpose of Rule 564 is to ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed. [O]ur courts apply the rule with an eye toward its underlying purposes and with a commitment to do justice rather than be bound by a literal or narrow reading of the procedural rules.

> [W]hen presented with a question concerning the propriety of an amendment, we consider:

>> [w]hether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amend[ment] is not permitted.

> Additionally,

>> [i]n reviewing a grant to amend an information, the Court will look to whether the appellant was fully apprised of the factual scenario which supports the charges against him. Where the crimes specified in the original information involved the same basis [*sic*] elements and arose out of

the same factual situation as the crime added by the amendment, the appellant is deemed to have been placed on notice regarding his alleged criminal conduct and no prejudice to defendant results.

Further, the factors which the trial court must consider in determining whether an amendment is prejudicial are:

(1) whether the amendment changes the factual scenario supporting the charges; (2) whether the amendment adds new facts previously unknown to the defendant; (3) whether the entire factual scenario was developed during a preliminary hearing; (4) whether the description of the charges changed with the amendment; (5) whether a change in defense strategy was necessitated by the amendment; and (6) whether the timing of the Commonwealth's request for amendment allowed for ample notice and preparation.

Most importantly, we emphasize that the mere possibility amendment of information may result in a more severe penalty ... is not, of itself, prejudice. Moreover, this Court has reaffirmed this principle in the context of DUI offenses.

*Id.* at 1202-03 (some internal quotation marks and citations omitted). This Court agreed that the amendment was proper and that, although "the amendment increased the grading of the offense from an ungraded misdemeanor to a misdemeanor of the first degree," Mentzer was not prejudiced. *Id.* at 1203.

Based on the above, we similarly agree that the amendment herein was proper and that Appellant has not established prejudice. We reach this conclusion particularly in light of the fact that the trial court herein even permitted Appellant to withdraw his guilty plea in response to the

amendment and proceed to trial, a circumstance that was absent in

***Mentzer***.[2]  Thus, Appellant's issue is without merit.[3]

Finally, Appellant argues that the trial court improperly influenced the

jury and deprived him of a fair trial when it reread instructions to the jury

pertaining to the weight and credibility of witness testimony in response to

its request for a portion of Appellant's testimony during deliberations.

Appellant argues that, although the language used may have been "benign,"

the reinstruction's close proximity to the jury's rehearing of the testimony

and the manner in which the instructions were prefaced[4] improperly

influenced the jury's verdict.  Appellant's Brief at 17.  Appellant contends

that the rereading was not done impartially when viewing the trial in its

---

[2] Notably, "Mentzer was fully aware of []his prior DUI offense but did not disclose it throughout the[] criminal proceedings." ***Mentzer***, 18 A.3d at 1201 n.1.  Likewise, the trial court explained that Appellant's prior out-of-state conviction "is not one of which [Appellant] was uninformed [and that] he alone was aware of it." ***See*** Trial Court Opinion, 7/31/15, at 10.

[3] To the extent Appellant premises his argument on the proposition that sentencing pursuant to mandatory minimums based on prior convictions is unconstitutional, that proposition is erroneous. ***See Commonwealth v. Reid***, 117 A.3d 777, 784 (Pa. Super. 2015) ("[T]he Supreme Court of the United States [has] held that the Sixth Amendment requires that any fact— other than a prior conviction—that increases a mandatory minimum sentence for an offense must be submitted to the jury and proven beyond a reasonable doubt. Importantly, [it] did not overturn prior precedent that prior convictions are sentencing factors and not elements of offenses.").

[4] Appellant argues that the trial court "noted that he was giving those instructions because they were listening to the testimony of [Appellant]." Appellant's Brief at 17.

totality, given that the trial court denied Appellant's proposed jury instruction as it related to police officers' testimony, it "applauded Trooper Cox's conduct as well as the jury's verdict" after it was rendered, the rereading of the instructions was unnecessary to respond to the jury's request, and it "only served to place emphasis on how the [t]rial [court] wanted the jury to view the evidence." ***Id.*** at 17-18.

Our standard of review in assessing a trial court's jury instructions is as follows:

> When reviewing a challenge to jury instructions, the reviewing court must consider the charge as a whole to determine if the charge was inadequate, erroneous, or prejudicial. The trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. A new trial is required on account of an erroneous jury instruction only if the instruction under review contained fundamental error, misled, or confused the jury.

***Commonwealth v. Estepp***, 17 A.3d 939, 946 (Pa. Super. 2011) (citation omitted).

As stated above, Appellant does not argue that the reinstruction itself was inadequate or erroneous. As to Appellant's contentions regarding prejudice, we conclude that they are without merit. Prior to the challenged reinstruction, the trial court advised the jury that that no emphasis was intended by their repetition:

> I'd like now to, again, remind you that if I have repeated any of these instructions or stated them in different ways, no

- 12 -

emphasis is intended, and I truly mean that, no emphasis is intended. Do not draw any inference because of the repetition. Do not single out any individual rule or instruction and then ignore the others. Do not place greater emphasis on the elements of the offenses that I have described for you or the instructions I have given to you in answer to your questions. You must consider all the instructions as whole and each in light of the others.

N.T., 3/19/2015, at 18. Additionally, the trial court stated the following immediately after the jury reheard the portion of Appellant's testimony:

Now, again, I will remind you that even though we read certain portions of the transcript to you, you should not place greater emphasize [*sic*] on the testimony that was read than all the other evidence presented to you during the course of the trial. You must consider all of the evidence and all the instructions as a whole in light of the totality of the evidence, as well as, the instructions.

*Id.* at 37. As "[j]uries are presumed to follow a court's instructions,"

***Commonwealth v. Mollett***, 5 A.3d 291, 313 (Pa. Super. 2010), Appellant's

claim fails.

Because Appellant has failed to establish that he is entitled to relief,

we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: <u>8/25/2016</u>