**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Derek Charles MENTZER, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 15, 2011.
Filed March 25, 2011.

Tamela M. Bard, McConnellsburg, for appellant.

---

* Retired Justice specially assigned to the Superior Court.

1. Mentzer was fully aware of this prior DUI offense but did not disclose it throughout

Travis L. Kendall, Assistant District Attorney, McConnellsburg, for Commonwealth, appellee.

BEFORE: FORD ELLIOTT, P.J.E., PANELLA, and FITZGERALD *, JJ.

OPINION BY PANELLA, J.:

Appellant, Derek Charles Mentzer, appeals from the judgment of sentence entered on March 18, 2010 in the Court of Common Pleas of Fulton County. After careful review, we affirm.

The record in the case *sub judice* reveals that on December 11, 2008, Mentzer was charged by criminal information with driving under the influence (DUI), general impairment, pursuant to 75 Pa. Cons.Stat. Ann. § 3802(a)(1), a first offense, ungraded misdemeanor. Following a jury trial on January 29, 2010, Mentzer was found guilty of the offense charged and sentencing was scheduled for February 16, 2010. Prior to sentencing, the Commonwealth was notified by the probation department that an investigation revealed a prior DUI offense in the State of Maryland in 2006.[1] Thus, Mentzer's current conviction is technically, a second offense DUI under the laws of the Commonwealth of Pennsylvania. As such, based on this new and pertinent information, the Commonwealth moved to amend the criminal information at the time of sentencing to include the same charge, DUI, general impairment, pursuant to 75 Pa. Cons.Stat.Ann. § 3802(a)(1). The current conviction was then classified as a second offense, graded as a misdemeanor of the first degree, which carried with it a maximum penalty of 60 months' imprisonment and a $10,000 fine. The trial court subsequently contin-

these criminal proceedings. *See,* Opinion and Order, 6/23/10, at 2, n. 2. In fact, Mentzer verified in his ARD application that he had no record for driving under the influence or equivalent offense. *Id.*

ued sentencing to take the Commonwealth's motion under advisement.

Sentencing was held on March 18, 2010, at which time the trial court granted the Commonwealth's motion to amend the criminal information thereby charging Mentzer under 75 PA. CONS.STAT.ANN. § 3802(a)(1) as a second offense DUI (M1). As a result thereof, the trial court imposed a sentence of 4 to 60 months' incarceration. Timely post-sentence motions were filed on March 25, 2010 and denied by way of an opinion and order filed on June 23, 2010. This timely appeal followed.

■ On appeal, Mentzer raises the following issue for our review:

Did the lower court impose an illegal sentence by erroneously granting the Commonwealth's motion to amend its Information following conviction and prior to sentencing when allowing such an amendment would increase the grading and the maximum sentence imposed?

*See,* Appellant's Brief, at 5.

Specifically, Mentzer argues that adding a prior conviction to the criminal information was a substantive change increasing both the grading and the maximum sentence of the offense charged, and was therefore a different offense which is not permitted under Pa.R.Crim.P. 564. *See,* Appellant's Brief, at 9. We disagree.

■ According to Pa.R.Crim.P. 564, the court may permit amendment of an information "when there is a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense." Pa.R.Crim.P. 564. Moreover, "[u]pon amendment, the court may grant such post-ponement of trial or other relief as is necessary in the interests of justice." *Id.* "[T]he purpose of Rule 564 is to ensure that a defendant is fully apprised of the charges, and to avoid preju-

dice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed." *Commonwealth v. Sinclair,* 897 A.2d 1218, 1221 (Pa.Super.2006). "[O]ur courts apply the rule with an eye toward its underlying purposes and with a commitment to do justice rather than be bound by a literal or narrow reading of the procedural rules." *Commonwealth v. Grekis,* 411 Pa.Super. 513, 601 A.2d 1284, 1288 (1992).

■ As stated in *Sinclair,* when presented with a question concerning the propriety of an amendment, we consider:

[w]hether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amended is not permitted.

*Sinclair,* 897 A.2d at 1221 (quoting *Commonwealth v. Davalos,* 779 A.2d 1190, 1194 (Pa.Super.2001), *appeal denied,* 567 Pa. 756, 790 A.2d 1013 (2001) (citation omitted)). Additionally,

[i]n reviewing a grant to amend an information, the Court will look to whether the appellant was fully apprised of the factual scenario which supports the charges against him. Where the crimes specified in the original information involved the same basis elements and arose out of the same factual situation as the crime added by the amendment, the appellant is deemed to have been placed

on notice regarding his alleged criminal conduct and no prejudice to defendant results.

*Id.,* at 1222 Further, the factors which the trial court must consider in determining whether an amendment is prejudicial are:

> (1) whether the amendment changes the factual scenario supporting the charges; (2) whether the amendment adds new facts previously unknown to the defendant; (3) whether the entire factual scenario was developed during a preliminary hearing; (4) whether the description of the charges changed with the amendment; (5) whether a change in defense strategy was necessitated by the amendment; and (6) whether the timing of the Commonwealth's request for amendment allowed for ample notice and preparation.

*Id.* (citation omitted). Most importantly, we emphasize that "the mere possibility amendment of information may result in a more severe penalty ... is not, of itself, prejudice." *Commonwealth v. Picchianti,* 410 Pa.Super. 563, 600 A.2d 597, 599 (1991), *appeal denied,* 530 Pa. 660, 609 A.2d 168 (1992). Moreover, this Court has reaffirmed this principle in the context of DUI offenses. *See Commonwealth v. Roser,* 914 A.2d 447, 454–455 (Pa.Super.2006), *appeal denied,* 592 Pa. 788, 927 A.2d 624 (2007).

Here, based upon our review of the certified record, it is evident that the trial court fully considered the mandates of Pa. R.Crim.P. 564 and its accompanying case law prior to granting the Commonwealth's motion to amend the criminal information. We are thus in agreement with the trial court that the amendment was proper in light of the totality of the circumstances discovered prior to sentencing. While Mentzer is correct in his assertion that the amendment increased the grading of the offense from an ungraded misdemeanor to a misdemeanor of the first degree, we are confident that Mentzer was not prejudiced, and the sentence imposed was fair and appropriate under the law. We find the trial court's analysis and rationale therein succinct and well-written. As such, we adopt it herein in support of our affirmance of Mentzer's judgment of sentence. *See* Opinion and Order, 6/23/10, at 4.

Judgment of sentence affirmed. Jurisdiction relinquished.

## Appendix

**IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT OF PENNSYLVANIA–FULTON COUNTY BRANCH**

**COMMONWEALTH OF PENNSYLVANIA**

vs.

**DEREK C. MENTZER,** Defendant

CRIMINAL ACTION

NO. 160 OF 2008

CHARGES: DUI

JUDGE: RICHARD J. WALSH

### *OPINION AND ORDER*

**Facts:**

On January 29, 2010, a jury found Defendant, Derek Mentzer, guilty of driving under the influence, general impairment, under 75 Pa.C.S.A § 3802(a)(1).[1] On February, 16, 2010, the Court continued sentencing to March 18, 2010 after it granted the Commonwealth's motion to amend the information to include a prior DUI from 2006 in the State of Maryland, a fact of which the Commonwealth was ignorant until just before sentencing. The prior DUI had not been alleged in the criminal infor-

---

**1.** The great delay in bringing Defendant to trial stemmed from his January 6, 2009 acceptance into A.R.D. and then his subsequent failure to complete the program.

mation, and the amendment resulted in an increase in the grading of the offense from an ungraded misdemeanor to a misdemeanor of the first degree. On March 18, 2010, this Court sentenced Defendant to a period of incarceration of at least four months and up to sixty months to be served at the Franklin County Jail. On March 25, 2010, Defendant filed a timely post-sentence motion under Pa. R.Crim.P. 720. In his motion, Defendant contended that the Court imposed an illegal sentence when, at sentencing, it permitted the Commonwealth to amend the information to include a prior driving under the influence conviction which had not been alleged. The parties submitted briefs and oral argument, and the Court will now decide the matter.

**Discussion:**

1. **Should the Commonwealth be permitted to amend an Information after a guilty verdict at trial and immediately prior to sentencing when allowing such an amendment would increase the grading and the maximum sentence imposed?**

Defendant challenges the amendment of the information to permit the Commonwealth to allege Defendant's prior DUI offense. The amendment occurred after trial but before sentencing and increased the grading of the offense from an ungraded misdemeanor to a first degree misdemeanor. The increased grading stemmed solely from Defendant's completion of probation before judgment in Maryland in 2006 for a DUI in that state, a fact Defendant apparently concealed from the Commonwealth.[2] The Court will evaluate Defendant's claim of error.

██ A criminal information may be amended "when there is a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense." Pa. R.Crim.P. 564. Defendant cites the increase in grade of the DUI and contends that the Court has permitted a different offense to be charged through the amendment of the information. *Commonwealth v. Reagan*, 348 Pa.Super. 589, 502 A.2d 702, 705 (1985). However, an information may be amended to charge an upgraded offense when "the crimes specified in the original ... information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended ... information." *Commonwealth v. Page*, 965 A.2d 1212, 1224 (Pa.Super.2009). Indeed, "the purpose of Rule 564 is to ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed." *Commonwealth v. Roser*, 914 A.2d 447, 453 (Pa.Super.2006). "Relief is warranted only when the amendment to the information prejudices a defendant." *Page* at 1224. Factors to be considered in whether an amendment prejudices a defendant include:

(1) whether the amendment changes the factual scenario supporting the charges;

(2) whether the amendment adds new facts previously unknown to the defendant;

---

**2.** On January 6, 2009, Defendant verified, under 18 P.S. § 4904, that he had "not previously been found guilty or accepted A.R.D. on a charge of driving under the influence or an equivalent offense in this or any other jurisdiction." *See Explanation of Procedure and Request to be Admitted to Accelerated Rehabilitative Disposition.* Defendant subsequently affirmed his clear record, under 18 P.S. § 4904, in his *Verification of Eligibility of A.R.D.*

(3) whether the entire factual scenario was developed during a preliminary hearing;

(4) whether the description of the charges changed with the amendment;

(5) whether a change in defense strategy was necessitated by the amendment; and

(6) whether the timing of the Commonwealth's request for amendment allowed for ample notice and preparation. *Roser* at 454.

Finally, "courts apply the Rule with an eye toward its underlying purposes and with a commitment to do justice rather than be bound by a literal or narrow reading of the procedural rules." *Id.*

In this case, the Court permitted the Commonwealth to amend the information to allege Defendant's prior DUI in Maryland, a prior criminal act of which Defendant was already well aware and which was of record. Although the amendment increased the grade of the offense from an ungraded misdemeanor to a first degree misdemeanor, Defendant was not prejudiced for the following reasons. First, the charges in the original information and in the amended information both came from the same factual setting, namely Defendant's refusal to submit to blood testing after police found him asleep in his Ford Focus parked in the middle of the road. Second, Defendant's prior DUI constituted the only new fact alleged,[3] and Defendant alone was aware of his prior DUI. Third, the fact of the prior DUI was almost certainly not developed during a preliminary hearing, but Defendant was very much aware of it throughout the pendency of his case and it was of record at the time of the preliminary hearing and at trial. Fourth, the description of the charges after amendment remains the same as before, namely "driving under influence of alcohol ... general impairment." 75 Pa.C.S.A. § 3802(a)(1). Fifth, no change in defense strategy was necessitated by the amendment, because a court may find a prior conviction from the record without any other proof or defense whatsoever. *Commonwealth v. Aponte*, 579 Pa. 246, 855 A.2d 800, 812 (2004). Sixth, although the Commonwealth sought amendment after trial and before sentencing, the Commonwealth's request allowed Defendant ample notice and preparation because the Court continued sentencing for one month to allow Defendant to address the amendment and Defendant was aware of his prior DUI long before sentencing. Furthermore, Defendant's prior DUI was irrelevant at trial and had significance only at sentencing. Thus, the amendment was proper, and Defendant suffered no prejudice. Defendant's post-sentence motion to be re-sentenced will be denied.

**Conclusion:**

The Court has reviewed the available record and, it has evaluated the issue. However, the amendment was proper, and Defendant has suffered no prejudice. No basis exists to re-sentence Defendant. Accordingly, Defendant's post-sentence motion is denied.

An order is attached.

**IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT OF PENNSYLVANIA–FULTON COUNTY BRANCH**

**COMMONWEALTH OF PENNSYLVANIA**

*Verdict.*

---

3. The jury found beyond a reasonable doubt that Defendant refused blood testing. *See*

vs.

**DEREK C. MENTZER,** Defendant

CRIMINAL ACTION

NO. 160 OF 2008

CHARGES: DUI

JUDGE: RICHARD J. WALSH

### *ORDER OF COURT*

June 23, 2010, this matter having come before the Court on Defendant's Post–Sentence Motion, and the Court having reviewed the record, the motion, the briefs of the respective parties, and the law,

**IT IS HEREBY ORDERED** that Defendant's request for relief is **DENIED.**

Pursuant to Pa.R.Crim.P. 720(B)(4), the Defendant is hereby notified:

(1) You have the right to appeal this decision. A Notice of Appeal, if any, must be filed within thirty (30) days of the entry of this Order.

(2) You have the right to assistance of counsel in the preparation of an appeal.

(3) If you are indigent, you have the right to appeal *in forma pauperis* and to proceed with assigned counsel as provided in Pa.R.Crim.P. 122.

(4) You have a qualified right to bail, as outlined in Pa.R.Crim.P. 521(B).

*Pursuant to Pa.R.Crim.P. 114, the Clerk of Courts shall immediately docket this Order and Opinion and record in the docket the date it was made. copy of this Order and the foregoing Opinion, by mail or personal delivery, to each party or attorney, and shall record in the docket the time and manner thereof.*

By the Court,
/s/Richard J. Walsh