J-S64008-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRIAN KEITH GREENE | |
| Appellant | No. 109 WDA 2014 |

Appeal from the Judgment of Sentence September 25, 2012
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0001064-2011

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                **FILED NOVEMBER 12, 2014**

Brian Keith Greene appeals *nunc pro tunc* from his judgment of sentence, entered in the Court of Common Pleas of Blair County, after a jury found him guilty of the crime of intimidation of witness or victim (F-3).[1] Greene was sentenced to 12 (less one day) to 24 months' (less two days) imprisonment.  After careful review, we affirm.

Greene's girlfriend, Brenda Lafferty, was involved in two controlled drug buys with a confidential informant, William T. Weyant.  On May 24, 2011, Lafferty was arrested for the drug deliveries.  Weyant gave police a statement indicating that on that same date, Greene threatened him over

_____

[1] 18 Pa.C.S. § 4952(a)(1).  Greene had also been originally charged with retaliation against a witness or victim, 18 Pa.C.S. § 4953(a), however, the court granted defense counsel's motion for a directed verdict on that charge.

the telephone, "About a [sic], you know, me getting [Greene's girlfriend] in trouble and that I was a snitch and that I was going to get beat for it." N.T. Jury Trial, 4/12/12, at 51. Although Weyant stated that Greene did not indicate he would do anything to him if he testified against Lafferty, N.T. Jury Trial, 4/12/12, at 28, Weyant immediately changed his telephone number following Greene's threatening call, *id.* at 55, gave the above-quoted statement to police, and filed charges against Greene. *Id.* at 57. Weyant also testified that Greene's threat did not scare him, *id.* at 82, but that he believed that Greene was going to try to assault him, *id.*, and that he changed residence as a result of the threat. *Id.* At trial, Greene testified on his own behalf, consistently claiming that he never made the alleged threatening phone call to Weyant.

A jury ultimately convicted Greene of intimidation of a witness and the court sentenced him to 12 months' (less one day) to 24 months' (less two days) imprisonment. Greene filed post-sentence motions that were denied by the trial court. This timely appeal follows.

On appeal, Greene presents the following issues for our consideration:

(1) Whether the trial court erred in permitting amendment of the information, charging a violation of 18 Pa.C.S. § 4952(a)(1) by adding elements indicative of violation of 18 Pa.C.S. § 4952(a)(2) and of 18 Pa.C.S. § 4952(a)(3) which prejudiced the appellant.

(2) Whether the trial court abused its discretion or committed error in failing to grant the motion for new trial when the putative object of intimidation testified that he had moved following a purported telephone threat from the appellant, even though the appellant presented evidence at the post-

sentence motions hearing that such move antedated the purported telephone threat, thereby negating the Commonwealth's evidence.

(3) Whether the trial court erred by denying the motion for judgment of acquittal inasmuch as the evidence did not suffice to convict of the offense of intimidation of witness, 18 Pa.C.S. § 4952(a)(1), by failing to prove the requisite intent and the elements required by 18 Pa.C.S. § 4952(b)(1) and 18 Pa.C.S. § 4952(b)(4), which increase the offense's grading to a felony of the third degree and the maximum term from two years to seven years.

Greene argues that the Commonwealth improperly amended the bill of information which originally charged Greene with the offense of witness intimidation under subsection 4952(a)(1). At trial, the court permitted the Commonwealth to orally amend Count 1 from the bill of information to include the conduct proscribed in subsections (a)(2) and (a)(3) of section 4952.[2] Greene asserts that he was prejudiced by the amendment, which caused him to change his defense.

When presented with a question concerning the propriety of an amendment, a court considers whether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. *Commonwealth v. Mentzer*, 18 A.3d 1200 (Pa. Super. 2011). If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. *Id.* If, however, the amended

_____

[2] Interestingly, however, Greene was convicted of the original charge under section 4952(a)(1).

- 3 -

provision alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amendment is not permitted. *Id.*

Moreover, when our Court reviews a trial court's decision to grant the amendment of an information, we will look to:

> whether the defendant was fully apprised of the factual scenario which supports the charges against him. Additionally, where the crimes specified in the original information involved the same basi[c] elements and arose out of the same factual situation as the crime added by the amendment, the defendant is deemed to have been placed on notice regarding his alleged criminal conduct and no prejudice to the defendant results. Further, the factors which the trial court must consider in determining whether an amendment is prejudicial are: (1) whether the amendment changes the factual scenario supporting the charges; (2) whether the amendment adds new facts previously unknown to the defendant; (3) whether the entire factual scenario was developed during a preliminary hearing; (4) whether the description of the charges changed with the amendment; (5) whether a change in defense strategy was necessitated by the amendment; and (6) whether the timing of the Commonwealth's request for amendment allowed for ample notice and preparation.

*Id.* at 1202-1203 (citations omitted).

Instantly, the crime charged in Greene's original information, 18 Pa.C.S. § 4952(a)(1), arose out of the same factual situation and involved the same basic elements as the crimes specified in the amended information, 18 Pa.C.S. §§ 4952(a)(2) and (a)(3). The factual situation is the same in all cases; i.e., the alleged telephonic threat made by Greene to Weyant. Moreover, the elements in the amended charges (subsections of

section 4952(a)) were not materially different from those found in the original charge (subsection (a)(1)). As the Commonwealth notes, the only difference among the subsections is that under (a)(1) the defendant is *attempting to prevent a witness or victim **from reporting a crime***, whereas under subsections (a)(2) and (a)(3), the defendant is *attempting to prevent a witness or victim **from testifying or truthfully following up with a prior report***.

In all of the crimes alleged, Greene was charged with attempting to prevent a witness from offering information concerning the drug activity with which Lafferty was allegedly involved. Because the elements were not materially different regarding the different subsections charged, we find that Greene was placed on notice regarding his alleged criminal conduct. ***Commonwealth v. Mosley***, 585 A.2d 1057 (Pa. Super. 1991).

Additionally, we find that the amendment did not prejudice Greene or affect his defense. At trial, Greene's defense consisted of denying that he ever made the alleged threatening phone call to Weyant. N.T. Jury Trial, 4/12/12, at 218; 224; 226. Based on the circumstances, the amendment would not have altered Greene's defense. Therefore, he is afforded no relief on this issue. ***Mentzer***, ***supra***.

Greene next asserts that the court erred in failing to grant him a new trial when he presented evidence at his post-sentence motion hearing that Weyant never actually changed his residence after the allegedly threatening phone call.

At trial, Weyant testified that he had relocated to a new residence after the threatening incident. N.T. Jury Trial, 4/12/12, at 35. However, at the post-sentence motion hearing, Greene had the record keeper for Weyant's employer, Altoona Pipe and Steel, testify that Weyant actually noted a change of address in his personnel file on April 8, 2011 – 46 days *prior* to the alleged incident. However, Weyant explained at the hearing that he did not actually move on that date, but remained in his current home and actually moved immediately following the alleged incident. Accepting this as true, this evidence, if believed by the jury, would not have affected the outcome of trial. ***Commonwealth v. Bonaccurso***, 625 A.2d 1197 (Pa. Super. 1993) (when appellate court examines decision of trial court to grant new trial on basis of after-discovered evidence, it asks only if trial court committed abuse of discretion or error of law which controlled the outcome of the case).

Greene's final claim on appeal concerns the sufficiency of the evidence offered by the Commonwealth to prove his guilt under section 4952(a)(1). Specifically, Greene asserts that the Commonwealth failed to prove the requisite intent element that increased the offense's grading to a third-degree felony under section 4952(b).[3] He also alleges that the evidence was

_____

[3] Pursuant to section 4952, if the offense is not graded as a first, second, or third-degree felony, "the offense is a misdemeanor of the second degree." 18 Pa.C.S. § 4952(b)(5).

insufficient to prove that the purpose of Greene's phone call was to prevent Weyant from reporting or informing the authorities about Lafferty's criminal acts or that the call was made in order to interfere with the administration of criminal justice.

Under section 4952(b)(4), "the offense [of intimidation of a witness is a] felony of the third degree in any other case in which the actor sought *to influence or intimidate a witness or victim* as specified in this subsection." 18 Pa.C.S. § 4952(b)(4) (emphasis added). The predicates for grading under this section are set forth in section 4952(b)(1), which states "[t]he actor employs force, violence or deception *or threatens to employ force or violence, upon the witness or victim* or, *with the requisite intent or knowledge* upon any other person." 18 Pa.C.S. § 4952(b)(1)(i) (emphasis added).

Here, the Commonwealth offered evidence that Greene verbally threatened to assault Weyant for his involvement in the prosecution of Lafferty for drug charges. This testimony was sufficient to prove the requisite "knowledge" element under section 4952(b) that would suffice for a third-degree felony conviction under section 4952(a)(1). The fact that Greene never actually physically assaulted his victim is not determinative of a guilty verdict under section 4952; all that is required is an *attempt* to

intimidate.[4] *See Commonwealth v. Brachbill*, 527 A.2d 113 (Pa. Super. 1987) (intimidation of witness or victim under section 4952 does not require proof of threatening conduct).

Moreover, based on the proximity in time between the alleged threatening phone call and Lafferty's arrest on the drug charges, the jury could reasonably infer from the evidence that the call was made with the intent to intimidate Weyant so that he would not report any information to authorities about Lafferty's involvement in the two controlled drug buys. *See Commonwealth v. Johnson*, 910 A.2d 60 (Pa. Super. 2006) (in reviewing sufficiency claim, court is required to view evidence in light most favorable to verdict winner, giving prosecution benefit of all reasonable inferences to be drawn from evidence); *see also* 18 Pa.C.S. § 4952(a)(1) (person commits intimidation of witness where he has intent to interfere with administration of justice by intimidating witness to refrain from informing authorities concerning information related to commission of crime).

_____

[4] In addition, in *Commonwealth v. Felder*, 75 A.3d 513 (Pa. Super. 2013), our Court explained that the grading of the crime of intimidation of a witness is based upon the highest degree of the offense charged in the case. *Id.* at 517. Here, Greene was charged in the case with two third-degree felonies, intimidation of witnesses (section 4952(a)(1)) and retaliation against witness (section 4953(a)). Instantly, the court convicted Greene under section 4952, graded as a third-degree felony. Thus, the grading of his offense also complied with the rule announced in *Felder*.

Finally, to the extent that Greene argues that the Commonwealth did not prove that Greene actually made the threatening phone call to Weyant, we reiterate that a sufficiency of the evidence argument that is founded upon a mere disagreement with the credibility determinations made by the fact finder, or discrepancies in the accounts of the witnesses, does not warrant appellate relief. **Johnson**, **supra**. It is within the province of the fact finder to determine the weight to be accorded each witness's testimony and to believe all, part, or none of the evidence introduced at trial. **Id.**

Here, the trial judge noted in his closing statement to the jury that this case came down to a credibility determination regarding Greene's defense and Weyant's allegation of a threatening telephone call. We will not disturb the fact finder's credibility determinations where they are supported by the evidence. **Id.**

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/12/2014

- 9 -