J-S03020-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHARON WALLACE | : | |
| | : | |
| Appellant | : | No. 218 MDA 2023 |

Appeal from the Judgment of Sentence Entered January 5, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001004-2022

BEFORE:  OLSON, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY NICHOLS, J.:　　　　**FILED: MAY 16, 2024**

Appellant Sharon Wallace appeals from the judgment of sentence imposed following her conviction for strangulation and related offenses. Appellant argues that the trial court erred in allowing the Commonwealth to amend the information prior to trial.  We affirm.

By way of background, Appellant was arrested and charged with strangulation, simple assault, and endangering the welfare of children (EWOC)[1] based on allegations that she held a pillow over her son's face and restricted his breathing during a dispute in 2020.  *See* Trial Ct. Op., 5/26/23, at 1.  Thereafter, the trial court explained:

> The docket entries indicate that the strangulation charge was withdrawn at the preliminary hearing on March 30, 2022.  A criminal information was later filed which charged the Appellant with simple assault and [EWOC].  On November 8, 2022, the

---

[1] 18 Pa.C.S §§ 2718(a)(2), 2701(a)(1), and 4304(a)(1), respectively.

Appellant appeared with her counsel for trial. She waived her right to a trial by jury and consented to a bench trial. Just prior to the commencement of that trial, the Commonwealth made a motion to amend the information to include the strangulation charge.

Trial Ct. Op. at 1-2.

In support of its motion, the Commonwealth explained that at the time of the preliminary hearing, there was an agreement that Appellant would plead guilty to both misdemeanors in exchange for having the felony charge for strangulation withdrawn. **See** N.T. Trial, 11/8/22, at 9. However, the Commonwealth stated that the deal "fell through when counsel . . . notified the [trial c]ourt that [Appellant] wanted a bench trial." **Id.** Ultimately, the trial court concluded that strangulation "was originally charged as part of the original complaint and affidavit of probable cause" and that "based on those circumstances, there wouldn't be any prejudice to [Appellant]". **Id.** at 10. Therefore, the trial court granted the Commonwealth's request to amend the information. **Id.**

Ultimately, Appellant was convicted of all charges. **See id.** at 107. On January 5, 2023, the trial court sentenced Appellant to an aggregate term of twenty-four to forty-eight months' incarceration.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following issue for review:

Did the trial court err as a matter of law or abuse its discretion in allowing the criminal information to be amended to add the charge of strangulation moments before trial was to begin?

Appellant's Brief at 2.

Appellant argues that the trial court abused its discretion by allowing the Commonwealth to amend the criminal information shortly before trial began. *Id.* at 6. In support, Appellant claims that the amendment changed the factual scenario underlying the charges and added new facts that were unknown to Appellant. *Id.* at 13. Further, Appellant claims that she did not have the opportunity to challenge the strangulation charge at any prior hearing. *Id.* at 13-14. Appellant also contends that the amendment changed the description of the charges and necessitated a change in defense strategy. *Id.* at 14-16. Finally, Appellant claims that she "was not provided with ample notice and time to prepare for trial to defend against the offense of strangulation." *Id.* at 17-18.

We review a trial court's decision to grant or deny a motion to amend an information for an abuse of discretion. *See Commonwealth v. Small*, 741 A.2d 666, 681 (Pa. 1999). As we have explained,

[a]n abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record. If in reaching a conclusion the trial court overrides or misapplies the law, discretion is then abused and it is the duty of the appellate court to correct the error.

*Commonwealth v. Belknap*, 105 A.3d 7, 10 (Pa. Super. 2014) (citations omitted and some formatting altered).

Rule 564 of the Pennsylvania Rules of Criminal Procedure provides as follows:

> The court may allow an information to be amended, provided that the information as amended does not charge offenses arising from a different set of events and that the amended charges are not so materially different from the original charge that the defendant would be unfairly prejudiced. Upon amendment, the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

Pa.R.Crim.P. 564.

"[T]he purpose of Rule 564 is to ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed." *Commonwealth v. Sinclair*, 897 A.2d 1218, 1221 (Pa. Super. 2006) (citation omitted). "[O]ur courts apply the rule with an eye toward its underlying purposes and with a commitment to do justice rather than be bound by a literal or narrow reading of [the] procedural rules." *Commonwealth v. Grekis*, 601 A.2d 1284, 1289 (Pa. Super. 1992).

When presented with a question concerning the propriety of an amendment, we consider

> [w]hether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of

- 4 -

events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amend[ment] is not permitted.

*Commonwealth v. Mentzer*, 18 A.3d 1200, 1202 (Pa. Super. 2011)

(citations omitted).

Since the purpose of the information is to apprise the defendant of the charges against him so that he may have a fair opportunity to prepare a defense, our Supreme Court has stated that following an amendment, relief is warranted only when the variance between the original and the new charges prejudices [a defendant] by, for example, rendering defenses which might have been raised against the original charges ineffective with respect to the substituted charges.

*Sinclair*, 897 A.2d at 1223 (citation omitted).

In determining whether a defendant suffered prejudice, we consider the

following factors:

(1) whether the amendment changes the factual scenario supporting the charges; (2) whether the amendment adds new facts previously unknown to the defendant; (3) whether the entire factual scenario was developed during a preliminary hearing; (4) whether the description of the charges changed with the amendment; (5) whether a change in defense strategy was necessitated by the amendment; and (6) whether the timing of the Commonwealth's request for amendment allowed for ample notice and preparation.

*Mentzer*, 18 A.3d at 1203 (citation omitted).

In the instant case, Appellant was charged with simple assault, which

required proof that she "attempt[ed] to cause or intentionally, knowingly or

recklessly cause[d] bodily injury to another[.]." 18 Pa.C.S. § 2701(a)(1); *see*

*also* Criminal Compl., 1/17/22, at 2 (reflecting that Appellant was charged

- 5 -

with simple assault for "plac[ing] a pillow over the face of a child under the age of twelve restricting his breathing").

Appellant was also charged with EWOC, which is defined as follows: "[a] parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support."  18 Pa.C.S. § 4304(a)(1); *see also* Criminal Compl., 1/17/22, at 2 (reflecting that Appellant was charged with EWOC for "plac[ing] a pillow over [the juvenile victim's] face restricting his breathing").

Finally, the Commonwealth amended the information to include a charge for strangulation, which requires proof that "the person knowingly or intentionally impedes the breathing or circulation of the blood of another person by . . . blocking the nose and mouth of the person."  18 Pa.C.S. § 2718(a)(2).

In addressing Appellant's challenge to the amendment, the trial court explained:

> The facts giving rise to these offenses all derived, from the November 18, 2020, incident in which it was alleged that [] Appellant held a pillow over her son's face.  [] Appellant had an opportunity to test this allegation at a preliminary hearing but instead, in consultation with her counsel, she elected to waive that right.  We do not discern that the amendment caused the defense to alter its strategy either.  It seems to this court that the Appellant was on notice of both the charge and the facts which the Commonwealth alleged supported the probable cause affidavit when the criminal complaint was filed.  Under these circumstances

- 6 -

we do not discern that the amendment caused any prejudice to [] Appellant. For each of these reasons, [] Appellant's allegation of error fails.

Trial Ct. Op. at 6.

Following our review of the record, we discern no abuse of discretion by the trial court in granting the Commonwealth's motion to amend the information. *See Small*, 741 A.2d at 681; *see also Belknap*, 105 A.3d at 10. As noted by the trial court, Appellant was charged with the instant offenses based on allegations that she held a pillow over her son's face and impeded his breathing. *See* Aff. of Probable Cause, 1/8/22, at 2 (stating that Appellant "smothered [the victim] with a pillow" and "held the pillow over his face for three minutes" while the victim screamed and cried); *see also* Criminal Compl., 1/17/22, at 2 (reflecting that the charges were based on Appellant "restricting [the victim's] breathing" with a pillow). Therefore, the inclusion of the strangulation charge did not change the factual scenario underlying the charges, add any facts that were unknown to Appellant, or necessitate a change in defense strategy. *See Mentzer*, 18 A.3d at 1203; *Sinclair*, 897 A.2d at 1223.

Additionally, the trial court credited the Commonwealth's assertion that it withdrew the strangulation charge that it filed in its original complaint as part of Appellant's agreement to plead guilty to the remaining offenses, but that the "deal fell through." *See* N.T. Trial, 11/8/22, at 5-6. As such, Appellant was clearly aware, and was not unfairly surprised, that the Commonwealth could proceed with the strangulation charge if the matter

proceeded to trial, and accordingly, we agree with the trial court's conclusion that Appellant had sufficient notice of the charges against her. *See Mentzer*, 18 A.3d at 1203; *Sinclair*, 897 A.2d at 1223. Therefore, the amended information did not allege events or charges materially different from the original charges, and there was no unfair prejudice. *See Sinclair*, 897 A.2d at 1221, 1223; *see also* Pa.R.Crim.P. 564.

For these reasons, we conclude that Appellant did not suffer prejudice as a result of the amendment. *See Sinclair*, 897 A.2d at 1223; *see also Mentzer*, 18 A.3d at 1203. Therefore, Appellant is not entitled to relief.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>05/16/2024</u>