J-S15005-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SHAWN M. KNAUF | : | No. 1322 WDA 2024 |

Appeal from the Order Entered October 10, 2024
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0001525-2022

BEFORE:   OLSON, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED: August 1, 2025**

Appellant, the Commonwealth of Pennsylvania ("the Commonwealth"), appeals from the order entered on October 10, 2024, denying the Commonwealth's motion to amend its criminal information which sought to reinstate two criminal charges and add a third new charge against Shawn M. Knauf (Knauf).  Upon careful consideration, we vacate the order challenged on appeal and remand for additional proceedings.

The trial court summarized the facts and procedural history of this case as follows:

> Pursuant to [an] affidavit of probable cause, on December 2, 2022, [officers from the] Greenville Police [Department] were dispatched to [an apartment on] South Mercer Street [in] Greenville, [Pennsylvania] to assist Mercer County Children and Youth Services regarding an incident which had been reported. Police entered the residence and spoke with a minor child residing

---

[*] Retired Senior Judge assigned to the Superior Court.

therein. [The] minor child allegedly stated she had been given a straw containing Roxicodone for the purpose of snorting said contents. The minor child allegedly indicated that she overdosed on said substance, was given multiple doses of Narcan [(a nasal medication to revive an overdose victim)], but was not taken to a medical facility.

Police entered the bedroom of said minor's parents, [] Knauf and Jessica Ohl, and placed both individuals under arrest. Therein, police allegedly observed paraphernalia. Additionally, upon further search of [Knauf's] belongings[,] police allegedly discovered cocaine and fentanyl.

[Knauf] was charged [by police criminal complaint] with (1) endangering the welfare of children, a felony in the second[-]degree in violation of 18 Pa.C.S.A. § 4304(a)(1); (2) possession with intent to deliver a controlled substance [(PWID),] an ungraded felony in violation of 35 P.S. § 780-113(a)(30); (3) corruption of minors, a misdemeanor of the first[-]degree in violation of 18 Pa.C.S.A. § 6301(a)(1)(i); (4) recklessly endangering another person, a misdemeanor of the second[-]degree in violation of 18 Pa.C.S.A. § 2705; and, (5) possession of drug paraphernalia, an ungraded misdemeanor in violation of 35 P.S. § 780-113(a)(32).

On December 13, 2022, at the preliminary hearing before Magisterial District Judge Brian Arthur, the Commonwealth withdrew multiple charges due to the absence of the alleged victim, leaving only count [five], possession of drug paraphernalia. This charge was subsequently bound over to the [trial court], where [Knauf] was formally charged [by the Commonwealth] by criminal information with one count of possession of drug paraphernalia, an ungraded misdemeanor under 35 P.S. § 780-113(a)(32).[1] [Knauf] failed to appear for

---

[1] More specifically, and pertinent to this appeal, the Commonwealth's criminal information alleged that Knauf "did possess **a plastic baggie and/or a digital scale**, for the purpose of **containing and/or analyzing** a controlled substance[.]" Criminal Information, 2/10/2023 (emphasis in original); *see also* N.T. Motion to Amend, 10/1/2024, at 4-5 (court quoting the criminal information). The trial court noted that, according to the affidavit of probable cause attached to the original police-issued criminal complaint, these items

*(Footnote Continued Next Page)*

his formal arraignment on February 14, 2023, prompting the issuance of a bench warrant for his arrest.

On October 26, 2023, [Knauf] was apprehended, the bench warrant was vacated, and arraignment was rescheduled for October 31, 2023. [Knauf], however, failed to appear for this arraignment and another bench warrant was issued. On August 7, 2024, [Knauf] self-reported and was subsequently arraigned on August 13, 2024.

On September 3, 2024, the Commonwealth filed a motion to amend [its] criminal information, seeking to [reinstate] two previously withdrawn charges[, endangering the welfare of a child and PWID, and add] one new charge, possession of a controlled substance [], an ungraded misdemeanor in violation of 35 P.S. § 780-113(a)(16), which is a lesser included offense of [PWID[2]]. On October 1, 2024, a hearing was held on the Commonwealth's motion; [ultimately,] said motion was [] denied. On October 9, 2024, the Commonwealth filed a motion for reconsideration; said motion was subsequently denied.

_____

were discovered in a backpack which Knauf confirmed belonged to him. **See** N.T Motion to Amend, 10/1/2024, at 11 ("Once the property was taken to the Greenville Police Department it was searched and added to [the] property evidence [inventory]. While searching Knauf's backpack a digital scale and clear plastic baggie were discovered."). In its motion to amend, the Commonwealth sought to add a new charge, simple possession of a controlled substance, and reinstate two previously withdrawn charges, *i.e.*, endangering the welfare of a child and PWID.

[2] In support of the new charge, in its motion to amend, the Commonwealth alleged that "[a]t the time of [Knauf's] arrest, in the residence where [Knauf] was staying, [Knauf] was found to be in possession of approximately (four) grams of fentanyl." Commonwealth's Motion to Amend, 9/3/2024, at 5, ¶ 15(a). At the subsequent hearing on the Commonwealth's motion to amend, the Commonwealth admitted that it could not "explain [to the court] why the misdemeanor possession of a controlled substance [charge] wasn't initially filed." N.T. Motion to Amend, 10/1/2024, at 9.

J-S15005-25

Trial Court Opinion, 11/21/2024, at *1-3 (unpaginated) (superfluous capitalization and original footnote omitted). This timely appeal resulted.[3]

On appeal, the Commonwealth presents the following issues for our review:

1. Whether the Commonwealth waived [appellate review of the order denying its request to amend its criminal information] by failing to identify those specific issues in its concise statement of errors pursuant to [Pa.R.A.P.] 1925(b)?

2. Whether the trial court erred in denying the Commonwealth's request [] to amend the criminal [information] to [reinstate] counts for two previously withdrawn charges [and add] one

_____

[3] The Commonwealth filed a timely notice of appeal on October 22, 2024. The trial court directed the Commonwealth to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The Commonwealth complied on November 8, 2024. On November 21, 2024, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a). The trial court initially found the Commonwealth waived its appellate issues for lack of specificity in its Rule 1925(b) statement. **See** Trial Court Opinion, 11/21/2024, at *5 (unpaginated) ("[T]he Commonwealth asserted only [that the trial court] erred in denying their [m]otion to [a]mend and their [m]otion for reconsideration[,] but identifie[d] no specific issues or factors and [was] very general and vague."). However, the trial court also examined the case on its merits and found amendment was not proper because the original charge of possession of drug paraphernalia, as set forth in the criminal information, did not share the same basic elements or arose from the same factual circumstances as the additional charges of endangering the welfare of a child, PWID, or simple possession of narcotics. **Id.** at *7. Earlier in its Rule 1925(a) opinion, however, we recognize that the trial court also noted:

Upon review, [the trial c]ourt acknowledges the Commonwealth's additional charge of [p]ossession of a [c]ontrolled [s]ubstance [] involves the same basic elements and evolved out of the same factual situation as the original charge of [p]ossession of [d]rug [p]araphernalia [] and amendment as to said charge is proper.

**Id.** at *3, n.1.

- 4 -

new charge, where the addition of said charges would not prejudice [Knauf]?

Commonwealth's Brief at 5.

Initially, we address the trial court's conclusion that the Commonwealth's vague Rule 1925(b) concise statement caused it to waive appellate review of all issues. *See* Trial Court Opinion, 11/21/2024, at *5 (unpaginated) ("[T]he Commonwealth asserted only [that the trial court] erred in denying [its m]otion to [a]mend and [its m]otion for reconsideration[,] but identifie[d] no specific issues or factors and [was] very general and vague.").

We observe that, generally,

> issues not raised in a Rule 1925(b) statement will be deemed waived for review. An appellant's concise statement must properly specify the error to be addressed on appeal. In other words, the Rule 1925(b) statement must be specific enough for the trial court to identify and address the issue an appellant wishes to raise on appeal. A concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all. The court's review and legal analysis can be fatally impaired when the court has to guess at the issues raised. Thus, if a concise statement is too vague, the court may find waiver.

*Commonwealth v. Scott*, 212 A.3d 1094, 1112 (Pa. Super. 2019) (internal citations, quotations, and original brackets omitted).

Moreover,

> Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Thus, Rule 1925 is a crucial component of the appellate process. When the trial court has to guess what issues an appellant is appealing, that is not enough for meaningful review.

*Commonwealth v. Smith*, 955 A.2d 391, 393 (Pa. Super. 2008) (internal citations and quotations omitted). Where, however, "the trial court filed an opinion [under Rule 1925] which meaningfully addressed the Commonwealth's arguments [, we have found that] our review has not been hindered, and we [may] turn to the merits" of an appeal. *Id.*

Here, the Commonwealth fully briefed and argued the sole appellate issue before the trial court at hearings on both its motion to amend the criminal information and its subsequent motion for reconsideration. *See* Commonwealth's Brief in Support of Reconsideration, 10/9/2024, at 9-13 (discussing amendment to a criminal information pursuant to Pa.R.Crim.P. 564 and the six-part test for prejudice). While the trial court initially found waiver for filing a vague statement pursuant to Rule 1925(b), the certified record belies the assertion that the trial court had to guess which issues were being appealed. Moreover, the trial court still addressed the issue, our review is not hindered, and we will, therefore, examine the merits of the Commonwealth's claim.

In its second issue presented on appeal, the Commonwealth contends that the trial court abused its discretion by denying its motion to amend the criminal information because "the trial court did not make any [factual] finding as to whether the Commonwealth's amendments would unfairly prejudice" Knauf. Commonwealth's Brief at 22. The Commonwealth argues that the purpose of Rule 564, pertaining to criminal information amendments, is to ensure that a defendant is fully apprised of the criminal charges against him

and to avoid prejudice by prohibiting last minute, uninformed allegations. ***Id.*** at 23. The Commonwealth maintains that the trial court failed to consider a six-factor test to determine whether Knauf was prejudiced by the proposed amendments. ***Id.*** at 24. While the Commonwealth concedes that the proposed amended charges were not developed at a preliminary hearing, that new charges differed from those included in the original criminal information, and that Knauf's defense strategies would be different, the Commonwealth suggests that the timing of the amendment request was well in advance of trial and no prejudice ensued. ***Id.*** at 27-29.

This Court has recently determined:

> We review a trial court's decision to grant or deny a motion to amend an information for an abuse of discretion. ***See Commonwealth v. Small***, 741 A.2d 666, 681 (Pa. 1999). As we have explained,
>
>> [a]n abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record. If in reaching a conclusion the trial court overrides or misapplies the law, discretion is then abused and it is the duty of the appellate court to correct the error.
>
> ***Commonwealth v. Belknap***, 105 A.3d 7, 10 (Pa. Super. 2014) (citations omitted and some formatting altered).
>
> Rule 564 of the Pennsylvania Rules of Criminal Procedure provides as follows:
>
>> The court may allow an information to be amended, provided that the information as amended does not charge offenses arising from a different set of events and that the amended charges are not so materially different from the original charge that the defendant would be unfairly

- 7 -

prejudiced. Upon amendment, the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

Pa.R.Crim.P. 564.

"[T]he purpose of Rule 564 is to ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed." *Commonwealth v. Sinclair*, 897 A.2d 1218, 1221 (Pa. Super. 2006) (citation omitted). "[O]ur courts apply the rule with an eye toward its underlying purposes and with a commitment to do justice rather than be bound by a literal or narrow reading of [the] procedural rules." *Commonwealth v. Grekis*, 601 A.2d 1284, 1289 (Pa. 1992).

When presented with a question concerning the propriety of an amendment, we consider:

> [w]hether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amend[ment] is not permitted.

*Commonwealth v. Mentzer*, 18 A.3d 1200, 1202 (Pa. Super. 2011) (citations omitted).

> Since the purpose of the information is to apprise the defendant of the charges against him so that he may have a fair opportunity to prepare a defense, our Supreme Court has stated that following an amendment, relief is warranted only when the variance between the original and the new charges prejudices [a defendant] by, for example, rendering defenses which might have been raised against the original charges ineffective with respect to the substituted charges.

*Sinclair*, 897 A.2d at 1223 (citation omitted).

- 8 -

In determining whether a defendant suffered prejudice, we consider the following factors:

(1) whether the amendment changes the factual scenario supporting the charges; (2) whether the amendment adds new facts previously unknown to the defendant; (3) whether the entire factual scenario was developed during a preliminary hearing; (4) whether the description of the charges changed with the amendment; (5) whether a change in defense strategy was necessitated by the amendment; and (6) whether the timing of the Commonwealth's request for amendment allowed for ample notice and preparation.

*Mentzer*, 18 A.3d at 1203 (citation omitted).

*Commonwealth v. Berrios*, 2025 WL 1693940, at * 6–7 (Pa. Super. 2025)

(non-precedential decision) (brackets in original).[4]

Here, the trial court opined:

In the present case, [Knauf] was formally arraigned with a single count of possession of drug paraphernalia. Subsequently, the Commonwealth sought to amend the charges by reinstating two previously withdrawn counts – endangering the welfare of [a child] and [PWID] – and by introducing a new charge of possession of a controlled substance[]. To succeed in amending the charges, the Commonwealth was required to establish the original charge of possession of drug paraphernalia shared the same basic elements and arose from the same factual scenario as the additional charges of endangering the welfare of [a child], [PWID] and possession of a controlled substance.

While the original charge pertains specifically to the possession and intended use of paraphernalia associated with controlled substances and shares common facts, the [proposed] amended charges – endangering the welfare of [a child], [PWID] and possession of a controlled substance – introduce very different legal elements and factual considerations, including intent,

_____

[4]   *See* Pa.R.A.P. 126(b) (providing that unpublished non-precedential memorandum decisions of the Superior Court filed after May 1, 2019 may be cited for their persuasive value).

endangerment, delivery of controlled substances, parental control, and other elements that expand significantly beyond the scope of the original offense. Accordingly, the proposed amendments do not [involve] the same basic elements. Consequently, the amendments sought by the Commonwealth [were] impermissible.

Trial Court Opinion, 11/21/2024, at *6-7 (unpaginated).

We agree with the trial court that the amended provisions allege a slightly different set of events and that the elements and defenses to the proposed amended crimes materially differ from the elements or defenses to the charge set forth in the original information, *i.e.*, possession of paraphernalia. The trial court, however, stopped short and did not examine whether Knauf would be prejudiced by the amendments. As such, we conclude that the trial court erred as a matter of law, and we are constrained to vacate the order denying the Commonwealth's request to amend the criminal information.

Upon remand, we direct the trial court to enter an order granting the Commonwealth's request to amend the criminal information to include the additional charge of possession of a controlled substance pursuant to 35 P.S. § 780-113(a)(16). **See** n.3 **supra**, *citing* Trial Court Opinion, 11/21/2024, at *3, n.1 ("[The trial c]ourt acknowledges the Commonwealth's additional charge of [p]ossession of a [c]ontrolled [s]ubstance [] involves the same basic elements and evolved out of the same factual situation as the original charge of [p]ossession of [d]rug [p]araphernalia [] and amendment as to said charge is proper.").

- 10 -

Moreover, the trial court must specifically consider whether the Commonwealth's other proposed amendments, *i.e.*, endangering the welfare of a child and PWID, would prejudice Knauf by utilizing the 6-part test above. Primarily, we note that all proposed amendments to an initial criminal information will involve either new facts, new charges, or both and, therefore, proposed amendments cannot be rejected simply for those reasons. Instead, courts are required to use the enunciated six-part test to evaluate potential prejudice and surprise when considering whether to permit the amendments to take effect. We caution the trial court not to apply a rigid or wooden analysis when comparing the facts of the crimes. It appears that the trial court only looked at the facts and crime alleged in the Commonwealth's criminal information, without considering that the proposed crimes had been previously lodged by police criminal complaint. As set forth in that complaint, the discovery of the drug paraphernalia, which forms the basis of the only crime charged by criminal information, began with a call to the police for a welfare check of a child who potentially overdosed while in Knauf's care. The police discovered paraphernalia as part of a search incident to Knauf's arrest. Because all of the facts related to the paraphernalia charge arose from the same episode as the proposed amendments, it does not appear that Knauf could have been aware of one set of facts, but not the other. The trial court is not bound solely by the facts set forth in the criminal information, and the law allows for liberal amendments. As such, the trial court should consider whether the amendments "change the factual scenario" or "add new facts

- 11 -

previously unknown to the defendant," pursuant to the first and second prejudice factors above, in that context.

In considering the aforementioned prejudice factors three, four, and five, we note the following. First, upon our review, the certified record does not contain the notes of testimony from the preliminary hearing.[5] It seems plausible, however, that despite the Commonwealth's withdrawal of the charges of endangering the welfare of a child and PWID, the entire factual scenario was developed at the preliminary hearing because, as mentioned previously, the police discovery of paraphernalia did not occur in a vacuum. At the preliminary hearing, the Commonwealth most likely called the investigating officer as a witness to testify about why the police were dispatched, Knauf's eventual arrest, and all of the evidence recovered as a result. As such, the trial court should examine what facts were known to Knauf when the original police complaint was filed, when counsel entered her appearance for Knauf, when the Commonwealth withdrew the original charges, and whether Knauf was initially prepared to defend himself on the endangering the welfare of a child and PWID charges at the preliminary hearing in this matter.

Moreover, in analyzing the timing of the request for amendment, pursuant to factor six, the trial court was concerned about speedy trial issues

_____

[5]   Upon remand, the Commonwealth should secure the notes of testimony from the preliminary hearing or recreate the record. *See* Pa.R.A.P. 1926 (correction or modification to record). The trial court may hold an additional hearing to examine Knauf regarding his knowledge.

- 12 -

pursuant to Pa.R.Crim.P. 600. *See* N.T., 10/1/2024, at 4 ("Maybe the better thing would have been to withdraw all charges at the time until we got the victim, and then start again. And then you have to deal with Rule 600 issues, obviously."); *see also* Commonwealth's Brief at 28 ("The Commonwealth's prosecution of the case would be significantly handicapped by forcing the Commonwealth to withdraw the charges and then re-file, thus starting from the beginning. Additionally, this delay could lead to the dismissal of all charges for failure to comply with Rule 600 speedy-trial requirements."). First, we question whether Rule 600 is implicated herein. The victim was unavailable and then Knauf absconded and was subsequently imprisoned in Florida. Once the victim was secured, the Commonwealth sought to amend. Without specifically deciding the issue, this time may not count against the Commonwealth for speedy trial purposes. Second, as briefly mentioned, the trial court should consider if counsel for Knauf was initially prepared to defend him on the PWID and endangering the welfare of a child charges at the preliminary hearing, despite the Commonwealth's subsequent withdrawal. Finally, it does not appear that this case was listed for trial, which must also be considered in determining whether the proposed amendments allowed ample notice and preparation.

Order vacated. Case remanded for additional proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 08/01/2025